. THOMAS BRADFORD, ADMR., ET AL *v.* LLOYD W. KIRBY ET AL.

Lands and Conveyances—Sale to Son by Father—Unpaid Purchase Price—Distribution.

A sale of land by father to son, for a consideration, only a small portion of which is ever paid by the son, is held to inure to the benefit of all the heirs less an advancement to him, equal in proportion to that each of the other children may have received.

Deeds—Acknowledgement of Payment of Purchase Price not Conclusive.

The acknowledgement of payment in a deed of conveyance cannot be held to be conclusive, but is subject to be rebutted.

Parent and Child—Contract of Child to Support his Parents—Consideration.

A conveyance by a father to his son of a valuable estate in consideration of his giving them a support, cannot be enquired into by the other children after the death of the parent, no complaint by them nor the other heirs, having been made during the life of the parents.

Same—Fraud and Undue Influence.

Nor can a plea of fraud and undue influence be substantiated, after submitting for more than eighteen years, whilst the son was supporting his parents: After their demise, the heirs should not be permitted to attempt the vindication of their injured parents' rights, when too late to do them any good, and when all the benefits would inure to them.

Gifts—Parent and Child—Advancements.

In a suit for restitution by some of the heirs against a son, for distribution of property placed in his hands by the father, each of the heirs is held entitled to an advancement equal to the largest amount made any one of them during the life of the parent, to be first paid to them out of the whole estate.

APPEAL FROM PENDLETON CIRCUIT COURT.

September 10, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

September 17, 1842, the decedent, then far advanced in life, conveyed his tract of land of 200 acres in Pendleton county, to his son, said Lloyd W. Kirby, reciting a consideration of $1,000 paid. And by deed dated one day thereafter he conveyed to said

Lloyd his slave girl then about 18 years old and all his personal property, consisting of several horses, cattle, corn, hay, &c., then on hand, and growing crop, reciting a consideration of one thousand dollars paid, and a covenant on the part of Lloyd to support the vendor and his wife during life, they being his parents.

Lloyd W. Kirby was a young man then about arriving at majority and single, living with his parents, possessed of but little, if any, property, and perhaps no cash means, for even the small debts he paid for his father were permitted to run some of them for several years and coerced by legal process.

The old man had advanced his two older sons and married daughter, but his youngest daughters, one of whom were still unmarried, and Lloyd had not been advanced.

Lloyd W. Kirby attempts to explain how he paid the valuable consideration set out in the two deeds, but has only shown a few hundred dollars so paid, even considering the notes exhibited by him as his father's obligations to others of subsequent date to said deed. His mother lived some nine years after the execution of those deeds and his father some eighteen.

In the year 1864, Bradford, as administrator, and those children who had not been advanced, filed this suit setting up fraud and undue influence on the part of the vendee over the vendor, and that also that Lloyd had executed an obligation to convey the slave and her increase at the death of his parents to his unadvanced sisters, and pay them each $100. All of which he controverted in his answer. The court having dismissed the suit, the plaintiffs appeal.

We think the attempt to show that Lloyd did not support his father and mother according to his contract and duty come abortively too late after both parents are dead, and no complaint by them in their life time, nor on the part of the other children; filial affection during the parents life should have inspired an interposition on the children's part rather than a desire for gain since their death.

Nor can the plea of fraud and undue influence be more favorably regarded, after submitting for more than eighteen years, whilst Lloyd was supporting his parents; when nature has removed this burden from his shoulders, they should not now be permitted to attempt the vindication of their injured parents' rights, when too late to do them any good, and when all the benefits must inure to the plaintiffs.

But it is apparent from the deed that James Kirby did not intend the land as a gift to his son, but conveyed it for the valuable consideration of one thousand dollars, nor did he intend to convey all his personalty to his son for the payment of the Southgate debt on the support of himself and wife, but for a valuable consideration beside of $1,000, the deed *express* payment in full, but it is just as apparent that this consideration of one thousand dollars in each deed never has been paid; Lloyd was not able to pay it, never did pay it, but if he did he got it again from his father as he was virtually his father's custodian, his father lived with him and he controlled the old man.

There is a strong and perceptible reason why the old man should desire to retain two thousand dollars, or thereabouts, that his unprovided for daughters should have something like an equal advancement with his other children.

The tract of land and personalty after paying the Southgate debt, supporting the old people and paying the two thousand dollars would make Lloyd an advancement equal to any of the other children, hence the old man's desire to have two thousand dollars as a valuable consideration, he then owed only a few small debts amounting at most to but a few hundred dollars, he must have known that his personalty was much more than ample to pay these.

If there was any writing executed to him by Lloyd it has been doubtless lost or misplaced; a lapse of eighteen years under the circumstances afforded ample opportunity for this, but it is probable none was executed, as the consideration set out in the deed was likely deemed by him sufficient for this purpose.

The acknowledgement of payment in a deed of conveyance has never been held conclusive, but subject to be rebutted, and its payment is rebutted in this case.

The property at the time conveyed, was worth near six thousand dollars, therefore, after payment of two thousand dollars and retaining one thousand dollars for an equal advancement, Lloyd would get some three thousand dollars for the support of his parents, and this too in advance, and beside be entitled to their aid.

This specific view was not presented to the court, but the petition denies the payment of the consideration and prays for general relief.

Lloyd attempted to account for the payment of the consideration, but mainly failed, only showing at best the payment of a few hundred dollars.

When the unpaid part of this two thousand dollars is collected from Lloyd the administrator must distribute it according to law, first paying those who have not been advanced equally with those who have, and Lloyd should be deemed as having an advancement equal to the most favored of his brothers and sisters.

As the relation between Lloyd and his father, when the nature and objects of the conveyances are considered, should be regarded as that of high confidence and of trustee for him and his unadvanced children, though not strictly legally so, yet no statute of limitations or other limitations should obstruct the collection of this debt.

Wherefore, the judgment dismissing appellant's petition is reversed, with directions to the court below to refer the case to a master to ascertain how much of the consideration set out in said deeds of one thousand dollars each has been paid, and to permit either party to introduce further evidence as to their point, and to adjudge against Lloyd W. Kirby any unpaid balance.

*Ireland & Duncan,* for appellants.

*Records,* for appellees.